Matter of N.D. (G.D.) (2018 NY Slip Op 06488)





Matter of N.D. (G.D.)


2018 NY Slip Op 06488


Decided on October 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2018

Renwick, J.P., Gische, Kahn, Kern, Moulton, JJ.


7202

[*1]In re N.D., and Others, Children Under the Age of Eighteen Years, etc.,
and
G.D., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Diaz & Moskowitz, PLLC, New York (Hani M. Moskowitz of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Carolyn Walther of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Claire V. Merkine of counsel), attorney for the children N.D., A.D. and G.D.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counel), attorney for the children R.D, A.D. and G.D.



Order of disposition, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about August 2, 2017, to the extent it brings up for review a fact-finding determination, after a hearing, that respondent sexually abused the child R. D. and derivatively neglected the other subject children, unanimously affirmed, without costs.
The determination that respondent sexually abused the child R. is supported by a preponderance of the evidence (see Family Court Act 1046[b][i]; 1012[e][iii][A]; Matter of Marelyn Dalys C.-G. [Marcial C.], 113 AD3d 569 [1st Dept 2014]). R.'s testimony at the fact-finding hearing is competent evidence that respondent sexually abused her (Marelyn Dalys C.-G., 113 AD3d 569). The court found R. credible despite peripheral inconsistencies in her testimony, and we see no reason to disturb that finding. Moreover, the caseworker testified that R.'s accounts of the sexual abuse were consistent (see Matter of Ashley M.V. [Victor V.], 106 AD3d 659, 660 [1st Dept 2013]).
The determination that, by sexually abusing R., respondent derivatively neglected the other children is supported by a preponderance of the evidence, which demonstrates that respondent's understanding of his parental obligations is so defective as to create a substantial risk of harm to any child in his care (see Matter of Kylani R. [Kyreem B.], 93 AD3d 556 [1st Dept 2012]; Ashley M.V., 106 AD3d at 660).
Respondent argues that he was denied a fair trial because the court improperly restricted his testimony about prior Family Court matters, including a custody case that he claims motivated the allegations of sexual abuse. However, the record shows that the court fully considered the information to which respondent refers, and declined to credit his argument. We [*2]find that the court's evidentiary rulings were provident exercises of discretion (see People v Carroll, 95 NY2d 375, 385 [2000]).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 2, 2018
CLERK